IN THE UNITED STATES DISTRICT
COURT MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| ATIYA D. GARNER, | |
| Plaintiff, | |
| vs. | Civil Action No. _____ |
| UNITED STATES OF AMERICA, AUDREY G. MARSHALL LUNDBERG, ELIZABETH A. GEORGE, and JOHN/JANE DOE(S) 1-3, | |
| Defendants. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Atiya D. Gamer ("Plaintiff"), and files this Complaint against Defendant United States of America ("Defendant U.S.A."), Defendant Audrey G. Marshall Lundberg, M.D. ("Defendant Lundberg" or "Dr. Lundberg"), and Defendant Elizabeth A. George ("Defendant George" or "Dr. George") (Defendant Lundberg and Defendant George are collectively referred to herein as "Defendants") and shows the Court as follows:

## PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff is an individual and resident of Georgia.

2.

Defendant Lundberg is an individual and resident of Georgia. She may be served with process at her residence, located at 7033 Bridgemill Way, Columbus, Muscogee County, Georgia 31904.

3.

1

Defendant George is an individual and resident of Georgia. She may be served with process at her residence, located at 529 Niblick Dr., Caseyville, St. Claire County, IL 62232.

4.

This Court has personal jurisdiction over Defendant Lundberg because she is a resident of Muscogee County, Georgia.

5.

This Court has personal jurisdiction over Defendant George pursuant to Georgia's Long Arm Statute, O.C.G.A. § 9-10-90, et seq.

6.

Defendants John/Jane Doe(s) 1-3 are those yet unidentified individuals and/or entities who may be liable in whole or in part, for the damages alleged herein. Once served with process, John/Jane Doe(s) 1-3 are subject to the jurisdiction and venue of this Court.

7.

Defendant U.S.A. is an appropriate defendant under the Federal Tort Claims Act.

8.

This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1346(b) and pursuant to 28 U.S.C. § 2675 because a claim was submitted to the U.S. Department of the Army on July 25, 2017, and six months have passed since submission of this claim without notice of a final disposition. The claim is attached hereto as **Exhibit B**.

9.

The Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because

such claims are so related to the claims within the Court's original jurisdiction that they form

part of the same case or controversy under Article III of the United States Constitution.

10.

Venue is proper in this District pursuant to 28 U.S.C. § 1402(b) and Local Rule 3.4

because a substantial part of the events giving rise to the claims occurred in this District.

11.

This is an action against Defendant U.S.A. under the Federal Tort Claims Act, (28

U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1) for negligence and professional

malpractice in connection with medical care provided to Plaintiff by Defendant Lundberg

and Defendant George by the U.S. Department of the Army. Defendant U.S.A. owes money

damages as compensation for the personal injuries caused by the negligence and

professional malpractice of Defendant Lundberg and Defendant George. Pursuant to

O.C.G.A § 9-11-9.1, Plaintiff has attached the Affidavit of Dr. Jeffrey L. Soffer, a licensed

medical doctor, and obstetrician and gynecologist as **Exhibit A** to this Complaint.

## FACTUAL BACKGROUND

12.

Plaintiff incorporates the allegations contained in Paragraphs 1 through 11 of the

Complaint as if fully set forth herein.

13.

Plaintiff resides in Columbus, Georgia.

14.

Defendants are licensed medical doctors, who practice in the areas of obstetrics and

gynecology.

15.

At all times material hereto, Defendants were providing obstetrics and gynecology services at Martin Army Community Hospital located in Fort Benning, Georgia.

16.

At all times material hereto, Defendant Lundberg counseled and treated patients in Martin Army Community Hospital's Department of Women's Health Care and Newborn Care.

17.

At all times material hereto, and according to the Maryland Board of Physicians Practitioner Profile System, Defendant George's primary practice setting was Martin Army Community Hospital.

18.

Plaintiff was a patient of Defendant Lundberg prior to Plaintiffs surgery on October 30, 2015.

19.

On October 30, 2015, Plaintiff arrived at Martin Army Community Hospital to undergo a hysterectomy that was to be performed by Defendant Lundberg. Prior to Plaintiffs surgery, Defendant Lundberg identified Defendant George as a "student."

20.

According to the October 30, 2015 surgical report prepared by Defendant Lundberg, Defendant Lundberg was the "primary surgeon" and Defendant George was the "assistant." Defendants performed a total abdominal hysterectomy, bilateral salpingectomy, and a cystoscopy on Plaintiff. The surgery was performed at Martin Army Community Hospital.

21.

Following her surgery, Plaintiff was discharged from the hospital on or about November 1, 2015.

22.

Within days of her discharge, Plaintiff began experiencing severe abdominal pain, distention, difficulty breathing, and the inability to urinate.

23.

Plaintiff immediately sought emergency medical attention on or about November 6, 2015. Through emergency intervention and procedures, Plaintiff learned that her right ureter was completely severed and that her left ureter was partially severed during the surgical procedures performed by Defendants.

## COUNT I - PROFESSIONAL NEGLIGENCE

24.

Plaintiff incorporates the allegations contained in Paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25.

Defendants Dr. Lundberg and Dr. George entered into a physician-patient relationship with Plaintiff. Defendants owed a duty to Plaintiff as Defendants' patient.

26.

On October 30, 2015, Defendants performed a total abdominal hysterectomy, bilateral salpingectomy, and cystoscopy on Plaintiff.

27.

In the course of performing medical procedures and providing treatment to Plaintiff on October 30, 2015, Defendants were negligent. Defendants failed to exercise the degree of care, diligence and skill ordinarily employed by obstetricians and gynecologists generally under similar conditions and under like surrounding circumstances, as more specifically outlined in the expert's affidavit attached hereto as **Exhibit A.**

28.

In the course of performing the surgical procedures on Plaintiff, Defendants severely damaged Plaintiffs ureters. Defendants failed to comply with the applicable standard of care by failing to identify the location of the ureters prior to Plaintiffs hysterectomy. Defendants also deviated from the standard of care by failing to diagnose Plaintiffs ureteral injuries before completing Plaintiff's surgical procedures. As a result, Defendants failed to advise Plaintiff to seek medical intervention immediately following her surgery.

29.

As a direct and proximate result of Defendants' acts, omissions and violations of the duties and standards set forth herein, Plaintiff has suffered bodily injuries and emotional injuries. Plaintiff continues to suffer such injuries and damages, and has had to undergo additional invasive surgeries and procedures. As such, Plaintiff is entitled to recover for all damages suffered, including physical, emotional, and economic damages, both past and future.

30.

The affidavit of Jeffrey L. Soffer, M.D., an expert witness who is competent to testify as to the standard of care required of Defendants identifying at least one negligent act

6

or omission and the factual basis for each such claim, is attached hereto as **Exhibit A.**

31.

Plaintiff has suffered severe and permanent injuries due to Defendants' negligent acts and omissions, on account of which Defendants are liable to Plaintiff for damages in an amount to be determined by a fair and impartial jury.

32.

Under the Federal Tort Claims Act, Defendant U.S.A. is liable for the above-described actions of Defendant Lundberg and Defendant George because they were acting within the scope of their employment as medical providers for the United States of America and its Department of the Army.

## COUNT II- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

33.

Plaintiff incorporates the allegations contained in Paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34.

As a direct and proximate result of the negligent acts and omissions by Defendants, Plaintiff has suffered mental and emotional pain, trauma and distress following her surgery on October 30, 2015, and will incur these damages into the future.

35.

By virtue of Defendants' negligence, Defendants are liable to Plaintiff for negligent infliction of emotional distress as determined by a fair and impartial jury at the trial of this case.

36.

Under the Federal Tort Claims Act, Defendant U.S.A. is liable for the above-described actions of Defendant Lundberg and Defendant George because they were acting within the scope of their employment as medical providers for the United States of America and its Department of the Army.

## COUNT III - PUNITIVE DAMAGES

37.

Plaintiff incorporates the allegations contained in Paragraphs 1 through 36 of the Complaint as is fully set forth herein.

38.

The acts of Defendants show a reckless disregard for the safety of others, malice, or that entire want of care that would raise the presumption of conscious indifference to the consequences which warrants the imposition of punitive damages under Georgia law.

39.

Accordingly, Defendants are liable to Plaintiff for punitive damages to punish, penalize and deter Defendants from similar conduct in the future.

WHEREFORE, Plaintiff prays as follows:

(a) that process issue and be served according to law;

(b) that judgment issue in favor of Plaintiff;

(c) that judgment be entered against Defendants for punitive damages pursuant to

O.C.G.A. § 51-12-5.1;

(d) that a jury trial be held on all issues; and

(e) any further relief which the Court deems just and proper.

8

Respectfully submitted this 8th day of February, 2018.

**THE ALEEM LAW FIRM**

_____*/s/ Tarek Abdel-aleem*_____
Tarek Abdel-aleem
Georgia Bar No. 946317
Yussuf Abdel-aleem
Georgia Bar No. 723679
Attorneys for Plaintiff

1355 Peachtree Street NE
Suite 700
Atlanta, GA 30309
(404) 220-9178
tarekaaleem@gmail.com
yussuf@josephaleem.com
*ATTORNEYS FOR PLAINTIFF*